**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re*: | : | Chapter 7 |
| | : | |
| Evergreen Energy, Inc. <u>et al</u>[1]., | : | Case No. 12-10289 (KJC) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| CHARLES A. STANZIALE, JR., in his capacity as the Chapter 7 Trustee of Evergreen Energy, Inc., et al., | : | Adv. Proc. No. 13-_____(KJC) |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LAZARD CAPITAL MARKETS, LLC. | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT TO AVOID AND RECOVER TRANSFER PURSUANT TO
11 U.S.C. §§ 547, 548, AND 550 AND TO DELAY OR TO
<u>DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502</u>**

Plaintiff Charles A. Stanziale, Jr. (the "<u>Trustee</u>"), in his capacity as the Chapter 7 Trustee of Evergreen Energy, Inc. *et al.*, by and through his attorneys McCarter & English, LLP, as and for his Complaint against Defendant Lazard Capital Markets, LLC (the "<u>Defendant</u>") to avoid, recover and preserve a preferential transfer pursuant to Sections 547, 548, and 550 of the United States Bankruptcy Code, and to delay or to disallow any claims held by the Defendant pursuant to Section 502(d) of the United States Bankruptcy Code, respectfully alleges as follows:

---

[1] The Debtors in these cases are Evergreen Energy, Inc., Evergreen Energy International LLC, Evergreen Operations, LLC, KFx Operations, LLC, Evergreen Energy Asia Pacific Corp., KFx Technology, LLC, Bimco, Inc., KFx Plant, LLC, C-Lock Technology, Inc., and Landrica Development Company.

ME1 16514378v.1

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

2. The Bankruptcy Court has personal jurisdiction over the Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. This action is brought as an adversary proceeding pursuant to Bankruptcy Rule 7001 et seq. of the Bankruptcy Rules and Sections 548 and 550 of the Bankruptcy Code.

4. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409 because this is a proceeding relating to, and arising under, Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and the above-captioned chapter 7 case.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). In the event any portion of this proceeding is deemed to be a non-core proceeding, Plaintiff consents to the entry of final judgment by this Court.

**Parties**

6. The Trustee is the duly appointed, qualified, and serving Trustee of the Debtors' estates. The Trustee has standing and all due authority to bring the claims contained herein on behalf of the Debtors' estate pursuant to 502, 547, 548, and 550 of the Bankruptcy Code.

7. Evergreen was founded in 1984. Evergreen's primary business was the development of K-Fuel, a patented process intended to improve the performance of low grade sub bituminous and brown coal and lignite to allow coal burning boilers and power plants to improve performance and reduce emissions.

8. Plaintiff is a Delaware Corporation which maintained a principal place of business at 1225 17th Street, Suite 1300, Denver, Colorado 80202-5506.

9. Defendant is a Delaware LLC which maintains its U.S. Headquarters at 30 Rockfeller Plaza, New York, NY 10020.

10. Defendant's registered agent for service of process is Mark Malone with an address at Powder Mill Square, 3844 Kennett Pike, Suite 204, Greenville, DE 19807.

**Background**

11. On January 23, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

12. The following affiliates of the Debtor also filed voluntary petitions for relief under chapter 7 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware on January 23, 2012: Evergreen Energy International LLC, Evergreen Operations, LLC, KFx Operations, LLC, Evergreen Energy Asia Pacific Corp., KFx Technology, LLC, Bimco, Inc., KFx Plant, LLC, C-Lock Technology, Inc., and Landrica Development Company.

13. On January 23, 2012, the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. as Chapter 7 Trustee.

14. On February 17, 2012, this Court entered an Order in each of the Debtors' cases authorizing the employment of McCarter & English as counsel to the Chapter 7 Trustee *nunc pro tunc* to January 24, 2012.

15. On February 17, 2012, the Court entered an order Directing the Joint Administration of Debtors' Chapter 7 Cases.

16. Prior to the Petition Date, Defendant conducted business with one or more of the Debtors.

**The Transfer**

17. During the 90-day period prior to the Petition Date, from October 25, 2012 to January 22, 2012, the Debtors made a transfer to Defendant in the amount of $48,093.38 (the "Transfer"). The details of the Transfer are set forth on the schedule annexed hereto as **Exhibit A**, which is incorporated by reference.

18. The Transfer constitutes a transfer of an interest of the Debtor in property.

**COUNT I**
**(AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§ 547(b) AND 550(a))**

19. The Trustee repeats and realleges each of the allegations set forth in paragraphs 1 through 18 above as if fully set forth herein.

20. The Transfer was made to or for the benefit of the Defendant, a creditor of the Debtor.

21. The Transfer was made for or on account of antecedent debt owed to the Defendant by the Debtor before the Transfer was made.

22. The Transfer was made while the Debtor was insolvent.

23. The Transfer enabled the Defendant to receive more than the Defendant would have received if (i) the Debtor's case was a case under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) the Defendant received payment on account of the debts paid by the Transfer to the extent provided by the provisions of the Bankruptcy Code.

24. By reason of the foregoing, the Transfer constitutes a preferential transfer which the Trustee is entitled to avoid pursuant to section 547(b) of the Bankruptcy Code and which is recoverable from the Defendant as an initial transferee under section 550(a) of the Bankruptcy

ME1 16514378v.1

Code.

25. As a result of the foregoing, under sections 547(b) and 550(a) of the Bankruptcy Code, the Trustee is entitled to a judgment against the Defendant: (i) avoiding and preserving the Transfer; (ii) directing that the Transfer be avoided; and (iii) recovering the Transfer, or the value thereof, from the Defendant, as set forth on the schedule annexed hereto as **Exhibit A**, for the benefit of the Debtor's estate.

### COUNT II
### (AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A) AND 550(a))

26. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 25 above as though fully set forth herein.

27. The Transfer was made or incurred on or within two (2) years before the Petition Date.

28. The Defendant did not provide any goods, services or value to the Debtor in exchange for the Transfer.

29. The Transfer was made with the actual intent to hinder, delay or defraud creditors and other entities to which the Debtor was or became indebted on or after the date of such Transfer.

30. The Transfer constitutes a fraudulent transfer avoidable by the Trustee under section 548(a)(1)(A) of the Bankruptcy Code and recoverable from the Defendant under section 550(a) of the Bankruptcy Code.

31. By reason of the foregoing, under sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code, the Trustee is entitled to judgment against the Defendant: (i) avoiding and preserving the Transfer; (ii) directing the Transfer be avoided; and (iii) recovering the Transfer, or the value thereof, from the Defendant, as set forth on the schedule annexed hereto as **Exhibit**

ME1 16514378v.1

**A**, for the benefit of the Debtors and their creditors.

## COUNT III
### (AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) AND 550)

32.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 31 above as though fully set forth herein.

33.     The Defendant did not provide any reasonably equivalent value to the Debtor in exchange for the Transfer.

34.     At the time of the Transfer, the Debtor (i) was insolvent on the date that the Transfer was made, or became insolvent as a result of the Transfer; (ii) was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

35.     The Transfer was made to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

36.     The Transfer constitutes a fraudulent transfer avoidable by the Trustee under section 548(a)(1)(B) of the Bankruptcy Code and recoverable under section 550(a) of the Bankruptcy Code.

37.     By reason of the foregoing, under sections 548(a)(1)(B) and 550(a) of the Bankruptcy Code, the Trustee is entitled to a judgment against the Defendant:  (i) avoiding and preserving the Transfer; (ii) directing that the Transfer be avoided; and (iii) recovering the Transfer, or the value thereof, from the Defendant, as set forth on the schedule annexed hereto as **Exhibit A**, for the benefit of the Debtors and their creditors.

ME1 16514378v.1

## **RESERVATION OF RIGHTS**

The Trustee reserves the right to bring all other claims or causes of action that the Trustee might have against the Defendant, on any and all grounds, as allowed under the law or in equity. Additionally, the Trustee has not completed a review and analysis of the proofs of claim filed in the Debtors' bankruptcy cases. Therefore, nothing contained in this Complaint shall be construed as a waiver of the Trustee's right to object to any proof of claim filed by the Defendant. Accordingly, the Trustee reserves the right to object, on any and all grounds, to any proof of claim asserted by the Defendant including under section 502(j) of the Bankruptcy Code. For such objections to claims, a separate notice will be given and a separate hearing will be scheduled.

*[remainder of page intentionally blank]*

**WHEREFORE**, the Trustee respectfully requests the following:

(1) The relief requested in each Count herein; and

(2) Granting the Trustee such other and further relief as the Bankruptcy Court deems just and proper.

Dated: November 5, 2013
       Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

*/s/ Katharine L. Mayer*
Katharine L. Mayer (DE # 3758)
Kate R. Buck (DE #5140)
405 N. King Street, 8th Floor
Wilmington, DE 19801
Tel: 302-984-6300
Fax: 302-984-6399
kmayer@mccarter.com

— and —

Charles A. Stanziale, Jr., Esq.
Donald J. Crecca, Esq.
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
Tel:  973-622-4444
Fax:  973-297-3823
cstanziale@mccarter.com

*Counsel to Charles A. Stanziale, Jr., the Chapter 7 Trustee*

8

ME1 16514378v.1

**WHEREFORE**, the Trustee respectfully requests the following:

(1) The relief requested in each Count herein; and

(2) Granting the Trustee such other and further relief as the Bankruptcy Court deems just and proper.

Dated: November 5, 2013
      Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

*/s/ Katharine L. Mayer*
Katharine L. Mayer (DE # 3758)
Kate R. Buck (DE #5140)
405 N. King Street, 8th Floor
Wilmington, DE 19801
Tel: 302-984-6300
Fax: 302-984-6399
kmayer@mccarter.com

— and —

Charles A. Stanziale, Jr., Esq.
Donald J. Crecca, Esq.
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
Tel:  973-622-4444
Fax:  973-297-3823
cstanziale@mccarter.com

*Counsel to Charles A. Stanziale, Jr., the Chapter 7 Trustee*